

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEKE D. WEST, | No. 12-56319 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01415-IEG-WVG |
| v. | |
| M.D. BITER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted August 27, 2013[**]
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[***]

California state prisoner Jeke D. West appeals the district court's denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

his 28 U.S.C. § 2254 habeas corpus petition. West argues that the evidence admitted during his trial was constitutionally insufficient for the jury to find him guilty beyond a reasonable doubt of aggravated kidnapping under California law. Because the required deferential review of the evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979) shows that the evidence sufficed, we affirm the district court's denial of habeas relief.

The evidence showed that West and an accomplice lured the victim, Mark Eugene Robinson, to an alley behind an apartment complex under the ruse of buying merchandise from Robinson. But instead of pulling out money, West pulled out a gun, pointed it at Robinson's head, and said, "This is a jack" and "We're taking all this shit." West then marched Robinson at gunpoint from his Chevy Suburban and forced him to lie on the ground behind a nearby dumpster. After taking Robinson's cell phone, West left Robinson lying on the ground and returned to helping his accomplice unload the Suburban. When West later caught Robinson peeking out from behind the dumpster, West ran back to Robinson and forced him back into hiding at gunpoint.

"[V]iewing the evidence in the light most favorable to the prosecution," *Jackson*, 443 U.S. at 319, we conclude that a rational juror could have found that West's movement of Robinson was "beyond that merely incidental to the

2

commission of, and increase[d] the risk of harm to [Robinson] over and above that necessarily present in, the intended underlying [robbery]." Cal. Penal Code § 209(b)(2). To be sure, at any point while West marched Robinson at gunpoint, West's gun could have accidentally discharged, or Robinson could have tried to escape or resist and been shot. Additionally, by hiding Robinson behind the dumpster, West reduced the likelihood that the heist would be detected and that someone would help Robinson. West further reduced Robinson's chances of rescue (and increased his risk of harm) when West caught Robinson peeking out from behind the dumpster, ran back over to him, and forced him back into hiding at gunpoint.

For these reasons, we conclude that the evidence sufficed for a rational juror to find West guilty beyond a reasonable doubt of aggravated kidnapping under California law. The California Court of Appeal's decision, therefore, was not an objectively unreasonable application of *Jackson*.

AFFIRMED.